RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0005P (6th Cir.)
File Name: 02a0005p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

MUMIN ISRAFIL,
        *Petitioner-Appellant,*

        *v.*

HARRY K. RUSSELL, Warden,
        *Respondent-Appellee.*

No. 01-3030

Filed: August 21, 2001[*]

Before: KRUPANSKY, SUHRHEINRICH, and SILER,
                Circuit Judges.

---

## ORDER

---

This pro se Ohio state prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel

---

[*] This order was originally issued as an "unpublished order" filed on August 21, 2001. On December 21, 2001, the court designated the order as one recommended for full-text publication.

unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In April 1994, an Ohio jury found Mumin Israfil guilty of murder with a firearm specification. The trial court sentenced Israfil to serve fifteen years to life in prison, and three years of imprisonment to be served consecutively for the firearm specification.

Ohio's Second District Court of Appeals affirmed Israfil's judgment of conviction and sentence. *State v. Israfil,* No. 14573, 1995 WL 96869 (Ohio App. 2 Dist. Mar. 10, 1995). The Ohio Supreme Court denied review. *State v. Israfil*, 651 N.E.2d 1308 (Ohio 1995). On July 3, 1995, Israfil filed a "motion for relief from judgment pursuant to Ohio Civ. R. 60(B)(5)," which was treated as a petition for post-conviction relief. The Ohio Court of Appeals affirmed the trial court's summary judgment dismissal of post-conviction relief, overruling Israfil's allegations that the complaint upon which his arrest warrant was issued contained false statements. *State v. Israfil* No. 15572, 1996 WL 665006 (Ohio App. 2 Dist. Nov. 15, 1996). Israfil did not appeal.

Israfil filed his second petition for post-conviction relief on September 20, 1996. He alleged ineffective assistance of counsel and claimed that the prosecutor and the trial court had engaged in fraud. The court of appeals affirmed the trial court's decision dismissing Israfil's petition. *State v. Israfil*, No. 16498, 1998 WL 57790 (Ohio App. 2 Dist. Feb. 13, 1998). The Ohio Supreme Court denied review. *State v. Israfil,* 705 N.E. 2d 364 (Ohio 1999).

On July 27, 1998, Israfil filed a successive petition for post-conviction relief, alleging that a biased juror was present on his jury panel, and that "irrelevant but highly prejudicial physical evidence" was introduced at trial by the state's firearm and ballistic expert. The trial court denied Israfil's petition and granted the state's motion for summary judgment stating that Israfil's claims were barred by the doctrine of res judicata, and because the petition was not timely filed and did not meet the Ohio requirements of a successive petition. The

court of appeals affirmed the trial court's judgment. *State v. Israfil,* No. 17472, 1999 WL 960971 (Ohio App. Dist. 2 July 16, 1999). The Ohio Supreme Court denied review. *State v. Israfil,* 719 N.E.2d 966 (Ohio 1999).

On May 24, 2000, Israfil filed the immediate petition claiming that: 1) he was arrested without a warrant; 2) trial counsel rendered ineffective assistance; 3) he was denied his First Amendment right to petition the court for redress; and 4) and he was denied due process of law.

The magistrate judge recommended that Israfil's petition be dismissed as barred by the statute of limitations. The district court, over Israfil's objections, adopted the magistrate judge's report and recommendation with respect to the magistrate judge's conclusion that Israfil's petition was barred by the statute of limitations. Israfil appeals that judgment. The district court granted Israfil a certificate of appealability and granted Israfil leave to proceed in forma pauperis on appeal.

In his timely appeal, Israfil contends that the district court erred in determining that his habeas corpus petition was time-barred. Israfil argues that his third post-conviction motion, filed July 27, 1998, was a properly filed application for state post-conviction relief or other collateral review that tolled the one-year period of limitations pursuant to 28 U.S.C. § 2244(d)(2). Israfil does not argue on appeal that the statute of limitations was tolled by his filing a petition for a writ of mandamus in the Ohio Supreme Court. Thus, to the extent that he made such an argument in the district court, the issue is considered abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir. 1996).

This court reviews de novo the district court's disposition of a habeas corpus petition. *Rickman v. Bell*, 131 F.3d 1150, 1153 (6th Cir. 1997). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations begins to run from the latest of

four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA became effective on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997). Habeas corpus petitioners whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). This one-year grace period is tolled by any time spent pursuing properly filed state post-conviction or other collateral review proceedings. *Id.*

Upon review, we conclude that the district court properly dismissed Israfil's habeas corpus petition as untimely. *See Rickman*, 131 F.3d at 1153. Israfil's state court convictions became final prior to the effective date of the AEDPA. Thus, Israfil was allowed one year from the effective date of the AEDPA, or until April 24, 1997, to file his habeas corpus petition. *See Austin*, 200 F.3d at 393. Israfil's habeas corpus petition was not filed until May 24, 2000, well beyond the one-year grace period for filing such a petition. Because Israfil filed his habeas petition beyond the grace period, the issue is whether the one-year statute of limitations was tolled by properly filed state post-conviction motions. Respondent-appellee concedes that Israfil's first two post-conviction motions constituted properly filed collateral attacks on the judgment and therefore tolled the statute of limitations under 28 U.S.C. § 2244(d)(2). If Israfil's third motion for post-conviction relief (filed July 23, 1998), was properly filed within the meaning of § 2244(d)(2), then the immediate habeas petition is timely because it was filed on May 24, 2000.

Israfil's third motion for post-conviction relief was not properly filed within the meaning of § 2244(d)(2). An application for post-conviction or other collateral review is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery. *Artuz v. Bennett*, 121 S. Ct. 361, 363-365 (2000); *see also Austin*, 200 F.3d at 395 n.2 ("properly filed" implies timeliness). Ohio's Second District Court of Appeals held that Israfil's third motion for post-conviction relief was not timely filed as a matter of Ohio law, but was filed almost two years outside the time limitation. *State v. Israfil*, No. 17472, 1999 WL 960971, at *2 (Ohio App. Dist. 2 July 16, 1999). Principles of comity require federal courts to defer to a state's judgment on issues of state law and, more particularly, on issues of state procedural law. *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982); *Murray v. Carrier*, 477 U.S. 478, 491 (1986). Because state courts are the final authority on state law, *see Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), federal courts must accept a state court's interpretation of its statutes and its rules of practice. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). Therefore, it follows that the district court properly deferred to the state court's finding as to whether Israfil's third post-conviction motion had been submitted according to Ohio's timeliness requirements.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation of October 5, 2000, as modified and adopted by the district court in its judgment of December 5, 2000.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk