**Roosevelt JOHNSON, Petitioner–Appellant,**

v.

**Jeffrey WOLFE, Warden, Respondent–Appellee.**

**No. 01–4024.**

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

Roosevelt Johnson appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Johnson pleaded guilty to two counts of drug abuse, and the trial court sentenced him to five years of probation. On February 28, 2000, Johnson signed and submitted his § 2254 habeas petition, alleging various violations of his constitutional rights; the petition was filed on March 2, 2000. The district court concluded that Johnson's petition was barred by the applicable statute of limitations and dismissed the petition. The court did grant Johnson a certificate of appealability on the issue of whether his petition was barred by the statute of limitations. Johnson has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Johnson's habeas petition as barred by the applicable statute of limitations. This court reviews de novo the district court's determination that the petition was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999).

Johnson did not timely file his § 2254 petition. Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner has one year from the date on which the judgment becomes final to file for federal habeas relief. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999). It is undisputed that Johnson's convictions became final on April 8, 1998, when the time expired for Johnson to seek review with the Ohio Supreme Court of the Ohio Court of Appeals' opinion affirming his convictions and sentence. Johnson did not submit his § 2254 petition until February 28, 2000, over twenty-two months after his convictions became final.

Johnson argues that his § 2254 petition is timely because his attempts to seek additional direct review tolled the statute of limitations. On November 5, 1999, Johnson filed an application for reopening of his appeal under Ohio R.App. P. 26(B), and the Ohio Court of Appeals denied this application on December 7, 1999. Johnson also filed a motion seeking delayed review of his direct appeal with the Ohio Supreme Court on January 5, 2000, and the court denied his motion on February 16, 2000. Since these motions were part of the direct review process, the statute of limitations is tolled while they were pending. *Bronaugh v. Ohio,* 235 F.3d 280, 285–86 (6th Cir. 2000). Consequently, these two periods, totaling approximately two and a half months, are excluded when calculating the limitations period. Nonetheless, their exclusion is insufficient, by themselves, to render Johnson's petition timely.

Johnson also argues that his § 2254 petition is timely because his state post-con-

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

viction petition tolled the statute of limitations. Section 2244(d)(2) provides that the time during which a properly filed state post-conviction petition is pending does not count toward any period of limitations. *Bronaugh*, 235 F.3d at 283. An application is "properly filed" when its delivery and acceptance by the court are in compliance with the state laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Johnson filed his state petition on October 14, 1997, even before his convictions became final. However, the trial court concluded that, under Ohio Rev.Code § 2953.2(A)(2), Johnson had to file his petition within 180 days after the expiration of the time for filing his direct appeal. Since Johnson had not filed a timely appeal from his judgment of conviction and his post-conviction petition was not filed within the required 180-day period, the trial court dismissed the petition as untimely. The Ohio Court of Appeals affirmed this decision, and the Ohio Supreme Court declined further review. Because the state courts dismissed Johnson's state petition as untimely, the petition is not considered "properly filed" under § 2244(d)(2), and the time during which the petition was pending is not tolled. *Israfil v. Russell*, 276 F.3d 768, 771–72 (6th Cir.2001). As this period of time is not tolled, Johnson did not timely file his § 2254 petition.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.