**Thomas Michael KEENAN, Petitioner,**

v.

**Margaret BAGLEY, Warden, Respondent.**

**No. 1:01CV2139.**

United States District Court, N.D. Ohio, Western Division.

July 29, 2002.

extensions of time, Petitioner filed opposition to the motion on May 24, 2002 (doc. no. 57). Thereafter, both Petitioner and Respondent filed supplemental briefs (doc. nos.60, 61, 63, 66).

Respondent alleges that Keenan is barred from federal habeas corpus review because he untimely filed his petition. Specifically, Respondent alleges that Keenan's state post-conviction petition was not "properly filed," pursuant to § 2244(d)(2), preventing that state-court proceeding from tolling the one-year statute of limitations. Thus, to decide the motion, the Court first must determine whether Keenan's state post-conviction petition was "properly filed" under the § 2244(d)(2). If the Court finds that it was not, the Court must then determine whether any exceptions to the limitations period apply.

In their briefs, the parties addressed four issues related to whether Keenan's petition is time barred. These issues will be addressed below on an individual basis. Although the Petitioner presents several compelling arguments, ultimately, they are unpersuasive.

## II. Standard of Review

Respondent alleges that Keenan's federal habeas petition was filed untimely because it exceed the one-year statute of limitations set out in 28 U.S.C. § 2244(d). That statute states in relevant part:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \* \* \* \*

(2) The time during which a **properly filed** application for State post-convic-

Jeffrey M. Gamso, Law Office of Jeffrey M. Gamso, Jeffrey J. Helmick, Helmick, Prajsner & Hoolahan, Toledo, OH, Paul A. Mancino, Jr., for Petitioner.

Henry G. Appel, Tara L. Berrien, Office of the Attorney General State of Ohio, Columbus, OH, for Respondent.

## *MEMORANDUM OPINION*

KATZ, District Judge.

### I. Introduction

Respondent, Margaret Bagley, has moved the Court to dismiss Petitioner Thomas Michael Keenan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. no. 20). After the Court granted Petitioner's counsel several

tion or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis supplied).

Although the United States Supreme Court has not specifically defined what constitutes a "properly filed" state post-conviction application, in *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), the Court provided some guidance as to its meaning. In that case the Court held that an application for state post-conviction relief containing claims that are procedurally barred under state law is "properly filed" within the meaning of the statute. *Id.* at 11, 121 S.Ct. 361. In so holding the Court distinguished between an application that is filed from an application that is *properly* filed. It opined that while an application is considered filed when it is delivered to and accepted by the court, it is not properly filed unless "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* at 8, 121 S.Ct. 361. It elaborated that these laws and rules "usually prescribe, for example, the form of the document, the time limits of its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*

The Sixth Circuit has determined that it is the state's own interpretation of state law that must dictate whether the state post-conviction application has been "properly filed." In *Israfil v. Russell,* 276 F.3d 768 (6th Cir.2001), the court held that the state is the final arbiter for determining whether a post-conviction application comports with the § 2244(d)(2) "properly filed" requirement:

> Principles of comity require federal courts to defer to a state's judgment on issues of state law and, more particular-

ly, on issues of state procedural law. *Engle v. Isaac,* 456 U.S. 107, 128–29, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Murray v. Carrier,* 477 U.S. 478, 491, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Because state courts are the final authority on state law, *see Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir.1984), federal courts must accept a state court's own interpretation of its statutes and its rules of practice. *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir.1986).

*Id.* at 771. Moreover, the United States Supreme Court very recently issued an opinion that appears to support the *Israfil* holding. In *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002), the Court stated in *dicta* that if the California state court had determined that the petitioner's delay in seeking an appeal was unreasonable under California law, "that would be the end of the matter...."

Thus, it is this Court's initial obligation to find whether, pursuant to Ohio law, Keenan's petition was properly filed.

### III. Procedural History

It is undisputed that Keenan's direct appeal concluded on October 5, 1998, when the United States Supreme Court denied certiorari. On March 26, 1999, Keenan filed a post-conviction petition. The trial court issued an opinion on the merits on December 10, 1999, denying Keenan's post-conviction petition and motion for a new trial. Although it would appear that the period of time between the filing of the post-conviction petition and the trial court's denial of it would toll the statute, on appeal from the trial court's decision the Eighth District Court of Appeals dismissed Kennan's petition as untimely. In its dismissal, the Court of Appeals, *sua sponte,* found that Keenan had exceeded the 180–day statutory filing limit of Ohio Revised Code § 2953.21.[1] Although the

---

1. That statute states in pertinent part:

(2) A petition ... shall be filed no later

post-conviction statutes provide for exceptions to the filing requirement, the Court of Appeals found that none existed in Keenan's case. *State v. Keenan*, No. 77480, 2001 WL 91129, at *2 (Ohio App. Feb. 1, 2001). Consequently, the Court of Appeals affirmed the trial court's dismissal of Keenan's petition.

Respondent now alleges that because the Court of Appeals held the post-conviction petition untimely, that petition did not meet the tolling requirements of § 2244(d)(2). Consequently, the deadline for Keenan to file a federal habeas petition remained October 5, 1999, one year after the conclusion of his direct appeal. Thus, Respondent argues, the filing of the petition in the instant proceeding on November 21, 2001, was twenty-five months late.

## IV. Discussion and Analysis

### A. Waiver/Jurisdiction Issue

The first issue the Court must address is whether Respondent is entitled to assert that Keenan's petition was untimely because the state did not raise this issue when Keenan initially filed his state post-conviction petition. In fact, even the trial court did not address the untimeliness of Keenan's petition and, instead, dismissed the petition on the merits. The timeliness issue only arose, as stated above, after the Eighth District Court of Appeals, *sua sponte*, addressed it.

Keenan claims that the timeliness issue is an affirmative defense that the state must raise or waive in state court.

Thus, he argues, Respondent's motion must fail because the state did not raise the timeliness of his petition when Keenan first filed it. Contrary to Keenan's assertions, however, several Ohio Courts of Appeal have found that the timeliness of a post-conviction petition in Ohio is a jurisdictional issue, rather than an affirmative defense. For example, in *State v. Halliwell*, 134 Ohio App.3d 730, 732 N.E.2d 405, 408 (1999), the Eighth District Court of Appeals explicitly found that "unless [one of the statutory] exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for postconviction relief." *See also State v. Sturbois*, No. 99CA16, 1999 WL 786318 (Ohio Ct.App. Sept. 27, 1999)(holding that untimely petition for post-conviction petition divests trial court of jurisdiction); *State v. Ayers*, No. 16851, 1998 WL 833738 (Ohio App. Dec. 4, 1998)(same); *State v. Thompson*, No. 1–98–20, 1998 WL 667642 (Ohio App. Sept. 16, 1998)(same).[2]

Moreover, the plain meaning of the statutory language set forth in Ohio Revised Code § 2953.23, the provision that sets forth the exceptions to the time limitations found in § 2953.21, appears to undercut Keenan's waiver assertion. That statute reads in pertinent part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed

---

than one hundred eighty days after ... the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Ohio Rev.Code § 2953.21(A)(2).

**2.** In Keenan's June 24, 2002, *pro se* brief, he urges the Court to either find that the Ohio

post-conviction filing statutes are not jurisdictional in nature or certify questions to the Ohio Supreme Court to resolve this issue. Because of the existing case law supporting the finding that an untimely petition deprives a post-conviction court of jurisdiction to hear the petition, however, it does not seem necessary to certify this issue to the Ohio Supreme Court.

in division (A) of that section ... unless both of the following apply:

(1) Either of the following applies:

(a) **The petitioner shows** that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code ... the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) **The petitioner shows** by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Ohio Rev.Code § 2953.23(A). As is clear by the above emboldened language, unless the United States Supreme Court has articulated a new right that applies retroactively, it is the petitioner's burden to demonstrate that one of the exceptions to the 180–day time limit apply. This language is incompatible with Keenan's assertion that the state must assert untimeliness as an affirmative defense.

In a final attempt to dissuade the Court from determining that the time limitation is a jurisdictional issue, Keenan cites *Dictado v. Ducharme*, 244 F.3d 724 (9th Cir. 2001) for support. In that case, the Ninth Circuit held that if state law provides for exceptions to the time limitations for filing a post-conviction petition, then the petition should be considered properly filed pursuant to § 2244(d). *Id.* at 727–28. First, the Ninth Circuit noted that *Artuz* specifically declined to decide what to do when the time of filing statute contains exceptions.[3] *Id.* at 727. The Ninth Circuit then reasoned that if a state system provides for exceptions to its filing requirement, then the state court must first examine the merits of the petition to determine if one of the exceptions apply before dismissing it. *Id.* at 728. Thus, the *Dictado* court concluded, if a state court provides exceptions to the statutory time limit for filing, that statute "is properly regarded as a 'condition to obtaining relief' rather than a 'condition to filing.'" *Id.*

The Fifth Circuit has joined the Ninth Circuit in this conclusion. *See Smith v. Ward*, 209 F.3d 383 (2000)(holding that although Louisiana court held post-conviction petition untimely filed, statutory exceptions to filing requirement rendered petition "properly filed" for purposes of § 2244(d)). Thus, it appears, the Ninth and Fifth Circuits have established a *per se* rule that if a statute contains exceptions to the time for filing requirement, any petition filed in that state system will be "properly filed" and toll the limitation period.

As stated above, the Ohio post-conviction statutes do contain exceptions to the 180–day filing requirement. Consequently, Keenan argues, this Court should follow *Dictado* and *Ward* and determine that Keenan's post-conviction petition was properly filed. While this argument is not without merit, it appears to contradict the

---

**3.** Indeed, the *Artuz* Court noted, "We express no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed."
*Artuz*, 531 U.S. at 9, n. 2, 121 S.Ct. 361 (citation omitted).

Sixth Circuit's holding in *Israfil*. The *Israfil* court found that the state court's own interpretation of its procedural rules must dictate the filing status of a state post-conviction petition. In the absence of Sixth Circuit authority adopting the *per se* statutory exception rule of the Ninth and Fifth Circuits, this Court must follow *Israfil* as binding authority and accept the state court's conclusion that Keenan's petition was untimely regardless of the statutory exceptions to the time for filing requirement. In so doing, this Court must necessarily find that Keenan's post-conviction petition was not "properly filed" pursuant to the Ohio post-conviction statutes.

### B. *Glenn* issue

Keenan next maintains that, even if under the Ohio post-conviction statutes his petition was untimely filed, he should not have been required to abide by those statutes because the Ohio Supreme Court afforded him additional time in which to file his post-conviction petition. Specifically, Keenan asserts that because the Ohio Supreme Court issued an order staying his execution pending the pursuit of his state post-conviction remedies, he was afforded additional time in which to file his petition.

█ This argument lacks merit on two grounds. First, the timing of the Ohio Supreme Court's order undercuts Keenan's argument. The Ohio Supreme Court received Keenan's court records on November 6, 1996. (Doc. 20, Ext.B.) Thus, according to § 2953.21, the petition was due 180 days after this date, or May 5, 1997. The Ohio Supreme Court did not issue its stay of execution order until December 7, 1998, almost a year and a half after Keenan should have filed the petition under the statute. Thus, the Ohio Supreme Court's order is irrelevant to Keenan's required filing date.

Moreover, the nature of the Ohio Supreme Court order, called a *Glenn* order in Ohio courts, is not meant to provide a post-conviction petitioner with a means to supercede § 2953.21. A review of the original *State v. Glenn*, 33 Ohio St.3d 601, 514 N.E.2d 869 (1987) reveals that a *Glenn* order merely grants a stay of execution for a six-month period so that a death-sentenced prisoner can pursue state post-conviction relief. That order makes no provision for extending the 180–day time limitation but merely grants a petitioner a stay of execution so that he or she may pursue post-conviction remedies.

Notably, the Eighth District Court of Appeals rejected the very same argument Keenan raises here when Keenan's counsel raised it during oral argument on this issue. That court stated:

> Keenan has misapprehended the effect of [the *Glenn* ] order, because it did not and cannot extend the statutory deadline for filing a petition for postconviction relief under R.C. 2953.21. Such a contention would give courts the ability to disregard the jurisdictional aspects of R.C. 2953.23. A stay to allow the filing of a postconviction petition is intended to allow just that—the filing of a petition. The stay cannot affect the disposition of the petition, and cannot render an untimely petition timely.

*State v. Keenan*, no. 77480, 2001 WL 91129, at *3 (Ohio App. Feb. 1, 2001). Because Keenan's *Glenn* argument is without merit on both factual and legal grounds, the Court must reject it.

### C. Retroactivity Issue

Keenan next asserts that because the crime and his conviction were completed prior to the enactment of Ohio Revised Code § 2953.21, it should not apply to him. Instead, Keenan argues, this Court should utilize the more-lenient former § 2953.21, which permitted the filing of a post-conviction petition "at any time." Applying the revised version of the statute, Keenan as-

serts, would violate the Ex Post Facto and Retroactivity Clauses of the United States Constitution. *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

■ The Court rejects this argument. The Ohio Supreme Court has determined that § § 2953.21 and 2953.23 should not be subject to a retroactivity analysis because "the amended version of R.C. 2953.23(A) does not indicate that it was intended to have retroactive application. Its requirements are triggered only by the filing of a postconviction petition after the expiration of the time period prescribed in R.C. 2953.21(A) or by the filing of a successive petition." *State v. Byrd,* 145 Ohio App.3d 318, 762 N.E.2d 1043, 1050 (2001).

Moreover, this argument is analogous to the retroactivity argument federal habeas petitioners often assert when determining whether the Anti–Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") is applicable. In those cases habeas petitioners typically argue that because their conviction and appeals took place prior to the AEDPA's effective date, the habeas court cannot utilize those statutes without first undertaking a *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), retroactivity analysis to determine if the application of the AEDPA is unconstitutional. The Sixth Circuit has rejected that argument, noting that the triggering factor for determining the applicability of the AEDPA is the date of the filing of the petition. *Barker v. Yukins,* 199 F.3d 867, 871 (6th Cir.1999). The court found that "the fact that [the petitioner's] state criminal appeals were completed prior to the effective date of [the] AEDPA is of absolutely no consequence in ascertaining whether [the] AEDPA is or is not applicable." *Id.* Similarly, the Ohio post-conviction filing statutes are not retroactive but are actuated, prospectively, by the filing date of the petition.

Thus, the Court finds this argument unpersuasive.

## D. Actual Innocence

Finally, Keenan attempts to persuade the Court that it should equitably toll the statute of limitations in § 2244(d) because he is actually innocent of the crime of which he was convicted. The Sixth Circuit has determined that § 2244(d) is subject to equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001). While the Sixth Circuit has not issued a published opinion holding that a demonstration of actual innocence would equitably toll the statute, the Sixth Circuit has found, in unpublished opinions, that a showing of actual innocence "may be appropriate" to equitably toll § 2244(d)'s limitation provision. *Saylor v. Mack,* 27 Fed. Appx. 321, 322 (6th Cir.2001). In *Saylor v. Mack,* for example, the court held that, for a petitioner to obtain relief from the statute of limitations based on actual innocence, he or she "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* (citing *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

In *Schlup,* the Supreme Court determined that the petitioner should have been afforded a merit review of his claims after evidence suggested that he had been a victim of mistaken identity in the murder of a prison inmate. The *Schlup* Court noted the specific analysis the district court must employ when faced with a petitioner's allegation of actual innocence:

It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the

threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* at 329, 115 S.Ct. 851.

Keenan has provided the Court with little "new" evidence to support his actual innocence claim. Although the briefs opposing Respondent's motion contain numerous allegations of inconsistent and perjured testimony during Keenan's trial, these allegations do not constitute the "new" evidence that *Schlup* contemplates. The only proffer of "new" evidence Keenan supplies in his briefs are of references to his as-yet-unfiled Traverse and an allegation that two homicide detectives stated that the murder of Anthony Klann did not occur at Doan Creek.

Keenan makes two references to "new" evidence that he intends to supply in his Traverse. First, he contends that he will supply the court with fourteen alibi witnesses. (Doc. no. 66, at 6). He next makes the allegation that Edward Espinoza, the state's star witness who implicated Keenan and co-defendant Joe D'Ambrosio in the Klann murder, admitted in a separate court proceeding that he was the person who kidnapped and murdered Klann. *Id.*

Keenan makes an unclear reference to "two homicide detectives in charge of the crime scene" who state that Klann's murder did not occur at Doan Creek, as the state suggested during Keenan's trial. Although Keenan has neither presented evidence to support this assertion in his motion briefs nor stated that it is forthcoming in his Traverse, this information was supplied to another judge of this Court in *D'Ambrosio v. Bagley,* no. 00–2521, doc. No. 60, ext. A, B. In those affidavits, two Cleveland Police Officers investigating the Klann murder aver that, based on their training, Klann was not murdered at Doan

Creek because there was no blood surrounding the body and because the wet ground surrounding the creek area displayed no indication of a struggle or tire marks leading up to the creek bed.

This "new" evidence does not support Keenan's actual innocence claim. First, as *Schlup* dictates, the Court cannot consider any evidence presented during Keenan's trial when reviewing his actual innocence claim. Moreover, the references Keenan makes to the "new" evidence he intends to supply are cryptic at best. As the Eighth District Court of Appeals stated during its dismissal of Keenan's post-conviction review petition:

> This is no time to hide a theory of innocence, should one exist. Although Keenan generally has asserted an alibi defense based on the time of Klann's death, he has not supplied the details of that defense and we will not speculate on them. If he wished to make such an argument, the strengths and weaknesses of his claims should have been presented and discussed much more clearly, both factually and legally.

*State v. Keenan,* No. 77480, 2001 WL 91129, at *3 (Ohio App. Feb. 1, 2001). Similarly, if Keenan wished to present an actual innocence argument to this Court, he should have supplied it with detail about the evidence he wished to present and why it exonerates him.

As it appears from the briefs, the only truly "new" evidence that was never presented to the state courts are the Cleveland Police officers' affidavits. These affidavits undercut the state's theory as to how Klann was murdered. Based upon the standard articulated in *Schlup,* however, they do not support Keenan's claim that he is actually innocent of that murder. Accordingly, the Court finds that Keenan cannot assert actual innocence to equitably toll the limitation period in § 2244(d).

## V. Conclusion

The Ohio Court of Appeals determined that Keenan's post-conviction petition was untimely pursuant to Ohio Revised Code § 2953.21. Because this Court is bound, pursuant to *Israfil v. Russell,* 276 F.3d 768 (6th Cir.2001), to follow the Ohio court's interpretation of its own procedural law, this Court must adopt the Eighth District Court of Appeals' decision and hold that Keenan's state post-conviction relief petition was untimely and that the state trial court had no jurisdiction to hear it in the first instance. As Keenan cannot demonstrate any reason why this Court should set aside the Court of Appeals' decision, this Court grants Respondent's motion. While this result may appear unfair, even draconian, in a situation as severe as a death penalty case, this Court views the law controlling its decision to mandate dismissal of this Petition due to the failure to file for state post-conviction relief on or prior to the deadline as interpreted by Ohio courts.

Because this appears to be an issue of first impression in a capital habeas case, it is also appropriate to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253 so that the Sixth Circuit may review this decision.

IT IS SO ORDERED.