Michael Allen PALMER, Petitioner–Appellant,

v.

Fabian W. LAVIGNE, Deputy Warden, Respondent–Appellee.

No. 02–1142.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

## ORDER

Michael Allen Palmer, a Michigan state prisoner, appeals pro se the dismissal of his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254, as barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Palmer was convicted following a 1995 jury trial of felonious assault, breaking and entering an occupied dwelling, and two counts of malicious destruction of property. He was sentenced to five to 22 ½ years of imprisonment. His conviction was upheld on direct appeal by the Michigan Court of Appeals, and he failed to file a timely appeal from that decision to the Michigan Supreme Court. Palmer filed for post-conviction relief in the trial court on June 20, 1997. The trial court denied relief, finding the claims procedurally defaulted, in an order entered on July 29, 1997. Palmer's untimely motion for reconsideration was denied on December 10, 1997. His appeal from the denial of post-conviction relief was dismissed by the Michigan Court of Appeals for lack of jurisdiction, as it was not filed within twelve months of the trial court's July 29, 1997, order. Palmer's motion for rehearing was denied on June 8, 1999. The Michigan Supreme Court denied leave to appeal on February 29, 2000.

This petition for federal habeas corpus relief was filed on October 31, 2000. The district court dismissed the petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). On appeal, Palmer argues that his petition was timely filed; that the Michigan Supreme Court reviewed his post-conviction action on the merits, thus waiving any procedural errors; or, alternatively, that equitable tolling renders his petition timely.

This court reviews the dismissal of a petition for habeas corpus relief de novo. *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994). De novo review of the record in this case supports the district court's conclusion that this petition was barred by the statute of limitations.

■ The parties agree that the statute of limitations began to run in this case on March 21, 1997, when Palmer's time for filing an appeal to the Michigan Supreme Court on his direct appeal expired. The statute was tolled by the filing of a post-conviction action on June 20, 1997, leaving nine months in the statutory period. The trial court denied relief on July 29, 1997, and Palmer had twelve months in which to file an appeal from that decision; he failed to do so. The district court concluded that the statute of limitations began to run again on July 29, 1998, and that the October 31, 2000 petition was barred on that basis.[1] Although Palmer later filed an untimely appeal of the trial court's order, that appeal was not properly filed in compliance with the rules and could not toll the running of the statute. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir.2001). This court defers to the state court's finding as to whether a post-conviction filing was proper. *Israfil,* 276 F.3d at 771. In this case, the state court clearly held that the appeal was untimely and that it lacked jurisdiction.

The district court recognized that some circuits have held that, where a state's rule governing the timely filing of post-conviction pleadings contains exceptions requiring the court to examine the merits of the claims, a post-conviction action can be considered properly filed even if it is ultimately determined to be time-barred. *See Emerson v. Johnson,* 243 F.3d 931, 935 (5th Cir.2001). However, the district court found that the exceptions to the timely filing rule in Michigan do not require review of the merits of the claims, but concern only facts which could be gleaned from the docket sheet, such as the date of filing of a transcript or the appointment of counsel. Palmer concedes this fact in his reply brief.

■ Palmer argues that the Michigan Supreme Court declined review of his post-conviction appeal after consideration of the merits, thus waiving any previous procedural error. This argument is not supported by review of the Michigan Supreme Court's order, which notes only that it was "not persuaded that the questions presented should be reviewed." Where the last reasoned order in a state court proceeding relies on a procedural error, later unexplained orders are presumed to rest on the same ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). In this case, the Michigan Court of Appeals expressly held that Palmer had not timely appealed the trial court's decision. The Supreme Court's decision not to review the case is therefore presumed to rest on this ground.

■ Finally, Palmer argues that the statute of limitations in this case was equitably tolled. We conclude that, if equitable tolling applies at all in this case, it only tolled the running of the statute until March 11, 1999, when the Michigan Court of Appeals clearly informed Palmer that he no longer had a properly filed post-conviction proceeding pending. Because he did not file his petition in the remaining nine months following that order, equitable tolling would not render his petition timely.

1. The district court's conclusion that the running of the limitations period was tolled between July 29, 1997, and July 29, 1998, finds support in *Swartz v. Meyers,* 204 F.3d 417 (3d Cir.2000). There appears to be a degree of tension between the holding in *Swartz* and the plain language of 28 U.S.C. § 2244(d)(2), which stops the clock only for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending....' We express no opinion as to whether *Swartz'* interpretation of the statutory language is correct.

After that point, he cannot claim that any lack of actual or constructive knowledge of the deadline was reasonable, or that he was diligent in pursuing his case. *See Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001).

For all of the above reasons, the dismissal of this habeas corpus petition as barred by the statute of limitations is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.