**Timothy TATE, Petitioner–Appellant,**

v.

**Mark PIERSON, Respondent–Appellee.**

No. 02–1753.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Nov. 25, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

In 1994 Timothy Tate was convicted after a jury trial in Illinois state court of first-degree murder and sentenced to 39 years' imprisonment. His conviction and sentence were upheld on direct appeal, and two post-conviction motions he filed were denied by the Illinois courts. In 2001 Tate filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which the district court dismissed as untimely. The court subsequently granted him a certificate of appealability on his claim of ineffective assistance of trial and appellate counsel, as well as the issue whether Tate's petition was timely. We find no error in the court's determination that the petition was untimely and affirm.

Tate's conviction became final in March 1996 after the Illinois appellate court affirmed his conviction and sentence and Tate failed to file a timely petition for leave to appeal in the state supreme court. Because his conviction became final before April 24, 1996, the effective date of the Prisoner Litigation Reform Act, Tate had one year from that date, or until April 24, 1997, to file a § 2254 petition in federal court. *See* 28 U.S.C. § 2244(d)(1)(A); *Newell v. Hanks,* 283 F.3d 827, 833 (7th Cir.2002). That time was tolled, however, because in 1995 he had filed a state post-conviction motion that was still pending on April 24, 1996; his one-year period to file a § 2254 petition was tolled until May 7, 1996, the date on which the Illinois appellate court affirmed the dismissal of the motion. *See Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir.2001) (one-year grace period tolled while defendant pursues state post-conviction remedies), *cert. denied,* —

U.S. ——, 122 S.Ct. 1985, 152 L.Ed.2d 1041 (2002). On September 10, 1999, Tate filed a second post-conviction motion in state court, which was also denied. The Illinois appellate court affirmed, and the state supreme court denied him leave to appeal. Tate then filed his § 2254 petition in April 2001.

The district court correctly determined that Tate's petition was untimely. He had until May 7, 1997, to file his petition, one year from the date that his state post-conviction motion was no longer pending. *See* 28 U.S.C. § 2254(d)(2). He did not file it by that date. Although Tate argues that the time his second post-conviction motion was pending in state court should also have tolled the one-year statute of limitations, his one-year period to file a habeas corpus petition had already expired by the time he filed his second post-conviction motion. No petition was pending between May 7, 1997, and September 10, 1999, and that time cannot be tolled by the later filing of Tate's second post-conviction motion. *See Fernandez v. Sternes,* 227 F.3d 977, 979 (7th Cir.2000).

Tate makes several other arguments that require little discussion. He first asserts that the district court picked the wrong starting date for his one-year filing period. He argues that one of the claims he raised in his § 2254 petition was based on newly-discovered evidence–an affidavit by Timothy Monltson he procured in May 1999–and that the court should have started counting his one-year filing period from that date. *See* 28 U.S.C. § 2244(d)(1)(D) (one-year period starts running on "the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence"). But we find no error with the district court's conclusion that Tate failed to establish that he exercised due diligence in procuring Monltson's affidavit. Tate alleges in his petition that Monltson was

noted as a witness in police reports at the time of the shooting in 1991, and he does not explain why it took him until 1999 to get the affidavit from Monltson. *See Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000). Tate also argues that the district court erroneously concluded that equitable tolling did not apply to excuse his late filing. But he asserts only that he was hampered in filing his petition because he was proceeding *pro se* and has limited legal knowledge and abilities, facts that do not establish the "extraordinary circumstances" required for equitable tolling to apply. *See Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir.2001), *overruled in part by Ashley v. United States,* 266 F.3d 671 (7th Cir.2002); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000). Because we agree that Tate's petition was untimely, we need not reach the merits of his ineffective assistance arguments.

AFFIRMED