**Kelvin L. SCOTT, Petitioner–Appellant,**

v.

**Roy MORRISON, Warden,
Respondent–Appellee.**

No. 02–3697.

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

*ORDER*

Kelvin L. Scott, a pro se federal prisoner, appeals from a district court judgment dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Scott

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

moves for in forma pauperis status. The case has been referred to a panel of the court pursuant to Rule 34(j), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, a jury in the District Court for the Southern District of Florida convicted Scott of a conspiracy count and a substantive count concerning the distribution of cocaine base. He received a 262 month sentence. The Eleventh Circuit affirmed the convictions, and the court subsequently affirmed the denial of Scott's motion to vacate sentence filed under 28 U.S.C. § 2255.

Scott then filed his § 2241 petition in the Northern District of Ohio, the location of his incarceration. Scott claimed that his sentence was invalid based on the Supreme Court cases of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). The district court concluded that Scott's claim could not be raised under § 2241 because Scott had not made a showing of actual innocence. The court then dismissed Scott's petition.

In his brief on appeal, Scott does not argue his claim based on *Apprendi* and *Jones.* Where an issue is argued in the district court but not on appeal, the issue is considered abandoned had not reviewable on appeal. *Israfil v. Russell,* 276 F.3d 768, 770 (6th Cir.2001), *cert. denied,* 535 U.S. 1088, 122 S.Ct. 1985, 152 L.Ed.2d 1041 (2002). Therefore, we will not review Scott's *Apprendi* and *Jones* claim.

The claim that Scott does argue in his brief concerns the insufficiency of the evidence, a claim that Scott did not raise in the district court. Claims that are not presented in the habeas corpus petition will not be considered on appeal. *Byrd v. Collins,* 209 F.3d 486, 538–39 (6th Cir.2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001). Therefore, the insufficiency claim is barred from review. In any event, such a claim is not cognizable in a § 2241 proceeding. To avoid the requirement that a petitioner bring a § 2255 action, the petitioner must make a showing of actual innocence. *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler,* 180 F.3d 753, 756–57 (6th Cir.1999). An argument based on the mere insufficiency of the evidence does not satisfy this requirement. *Charles,* 180 F.3d at 758. Scott's appeal lacks merit for this reason.

Accordingly, the motion for in forma pauperis status is granted, and the judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.