concurring in part and concurring in the judgment.
I concur in all but Part II.B.4.C. of the majority’s opinion. As the majority explains and the magistrate judge extensively documented, Ohio courts consistently have interpreted Ohio Revised Code § 2953.23(A) to deprive courts of subject-matter jurisdiction if its requirements are not met. See Gumm v. Mitchell, No. 1:98-CV-838, 2009 WL 7785750, at *18 (S.D.Ohio Sept. 28, 2009) (collecting cases). One of its requirements—that “[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the- petitioner was convicted”—requires a court to assess, the merits of a claim. Ohio Rev.Code § 2953.23(A)(1)(b). This requirement does appear to lead to an odd outcome. As noted by the magistrate judge, “[t]aken to its logical conclusion, that interpretation [taken by the Ohio Court of Appeals] leaves the state courts with jurisdiction only over winning claims.” Gumm, 2009 WL 7785750, at *18.
We are not in a position to question, however, Ohio’s interpretation of its own statute. When interpreting federal statr utes and rules, we have been directed by the Supreme Court to look critically to determine whether a rule is actually jurisdictional or more accurately described as claims-processing. See, e.g., Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 161, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010). But when a state court interprets a state statute as jurisdictional, we are bound by principles of comity and federalism to defer to that interpretation. See, e.g., Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir.2003) (“This court, however, does not function as an additional state appellate court reviewing state-court decisions on state law or *386 procedure.”); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir.2001) (“Principles of comity require federal courts to defer to a state’s judgment on issues of state law and, more particularly, on issues of state procedural law. Because state courts are the final authority on state law, federal courts must accept a state court’s interpretation of its statutes and its rules of practice.”) (internal citations omitted).
Ohio courts hold that “[i]f a court acts without jurisdiction, then any proclamation by that court is void.” State ex rel. Tubbs Jones v. Suster, 84 Ohio St.3d 70, 701 N.E.2d 1002, 1007 (1998). After appearing to discuss briefly the merits of Petitioner’s Brady claim, the Ohio Court of Appeals “h[e]ld that the common pleas court properly declined to entertain” the Petitioner’s Brady claim because “Gumm failed to satisfy the R.C. 2953.23 jurisdictional requirement of outcome-determinative constitutional error.” State v. Gumm, 169 Ohio App.3d 650, 864 N.E.2d 133, 142 (2006). Therefore, under Ohio law, the Ohio Court of Appeals’ discussion of the merits of Petitioner’s Brady claim is void and is not a ruling “on the merits” for the purposes ofAEDPA. See 28 U.S.C. § 2254(d). The State’s attempt to characterize the Court of Appeals’ brief merits discussion as an alternate holding on federal grounds ignores this clearly established rule of Ohio law, and improperly analogizes to alternate merits holdings when a court finds a claim procedurally barred. Appellant Br. at 26. Declining to evaluate a claim that is procedurally barred is manifestly different than determining that a claim cannot be evaluated because of a lack of subject-matter jurisdiction. In the latter situation, a court cannot give an alternate merits ruling under Ohio law that has any legal effect.
As I find that the Ohio Court of Appeals’ decision regarding Petitioner’s Brady claim was not a ruling on the merits, and therefore it is subject to de novo review, I do not think it is necessary to reach whether the Court of Appeals’ decision was unreasonable assuming AEDPA deference applies.