NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0014n.06

No. 22-3466

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 11, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| VINCENT W. KREMER, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| ROCHELLE MOORE, Warden, | ) | OHIO |
| Respondent-Appellee. | ) | |
| | ) | OPINION |

Before: MOORE, MURPHY, and MATHIS, Circuit Judges.

MURPHY, Circuit Judge. Vincent Kremer pleaded guilty in an Ohio court to distributing and possessing two unusually named drugs: 25C-NBOMe and Fluoro-AMB. In his direct appeal, Kremer argued that Ohio's drug laws did not prohibit these two substances at the time he distributed or possessed them. The Ohio appellate court disagreed with his reading of state law, and the Ohio Supreme Court denied discretionary review. Kremer then filed a federal habeas petition under 28 U.S.C. § 2254. Kremer now argues that his convictions violated federal due process because he did not commit a state drug crime under a proper interpretation of state law. But Kremer's convictions comport with due process under the Ohio appellate court's contrary interpretation of state law—an interpretation that we must accept in these federal habeas proceedings. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). We, of course, could consider whether the state court's reading violated a federal constitutional guarantee, but Kremer

does not challenge its reading on constitutional grounds. Rather, he asks us to certify the state-law question to the Ohio Supreme Court. Yet that court's refusal to consider the question on direct review renders certification inappropriate. We thus affirm the denial of his habeas petition.

I

While on probation for a drug offense, Kremer advertised drugs for sale. An undercover police officer saw the ads. In February 2016, Kremer repeatedly sold drugs to this officer at a Kroger in Mason, Ohio. In the first three transactions, Kremer claimed to be providing LSD. But lab testing revealed that Kremer had sold the officer a different hallucinogen: 25C-NBOMe. In the fourth transaction, Kremer sold the officer psilocin mushrooms. After this fourth sale, officers obtained a warrant to search Kremer's home. They found additional drugs, including 25C-NBOMe, psilocin mushrooms, and clonazepam.

The next month, an Ohio grand jury indicted Kremer on eight counts. The State charged Kremer with four counts of aggravated drug trafficking for his sales of 25C-NBOMe and mushrooms to the undercover officer. It next charged him with three drug-possession counts for the 25C-NBOMe, mushrooms, and clonazepam found at his home. It lastly charged him with one count of possessing a criminal tool (his cellphone) in his drug trafficking. Kremer pleaded not guilty, and a state court released him on bail.

He continued to sell drugs while on bail. His bail order placed him on house arrest and required him to wear an electronic monitor. On July 5, however, he removed the monitor and left his home. Officers found him at a Baymont Inn in Mason. At the hotel, he possessed distribution levels of LSD, DMT, and Fluoro-AMB, along with $826.32 in suspected drug proceeds. The state court revoked his bail. During a jail call weeks later, Kremer accused an associate of stealing

drugs. Kremer threatened to harm the associate and his family if he did not add $500 to Kremer's jail account.

This conduct led to a second indictment with eight more counts. The State charged Kremer with one count of possessing LSD and another count of trafficking in that drug. It next charged him with two counts of aggravated possession and two counts of aggravated trafficking for his possession and distribution of DMT and Fluoro-AMB. It also charged him with a count of possessing criminal tools (a scale and a computer bag that held his drugs) during his drug trafficking. It lastly charged him with a count of extortion for his threats during the jail call.

Kremer eventually pleaded guilty to all sixteen counts across the two cases. At a combined sentencing hearing, the state court sentenced him to a total of 13 years' imprisonment.

Kremer appealed. Of most relevance now, he argued that the trial court lacked subject-matter jurisdiction over the four counts concerning 25C-NBOMe in the first indictment and the two counts concerning Fluoro-AMB in the second indictment. According to Kremer, Ohio law did not prohibit the possession or distribution of these two drugs at the relevant times. He thus asserted that these counts did not charge valid drug offenses.

An Ohio appellate court rejected this argument on three grounds. *See State v. Kremer*, 2018 WL 3996868, at *2 (Ohio Ct. App. Aug. 20, 2018). First, a state indictment must identify only the drug schedule listing the drug that a defendant distributed; the indictment does not need to identify any specific drug. *See id.* at *1–2. The state court thus held that Kremer's indictments adequately alleged offenses because they charged him with distributing or possessing Schedule I drugs. *Id.* at *2. Second, contrary to Kremer's claim, the court read Ohio's drug laws to include 25C-NBOMe and Fluoro-AMB in Schedule I at the time of his offenses. *Id.* Third, the court concluded that Kremer had waived any challenge to his indictments by pleading guilty. *Id.*

3

That said, the appellate court agreed with two of Kremer's other arguments. *Id.* at *2–6. It thus affirmed in part, reversed in part, and remanded. *See id.* at *6.

On remand, the trial court amended its judgments in ways that do not matter to the current habeas proceedings. The court continued to impose a total sentence of 13 years' imprisonment.

In the meantime, Kremer sought the Ohio Supreme Court's review of his argument that Ohio law did not prohibit the possession or distribution of 25C-NBOMe and Fluoro-AMB at the time of his offenses. The Ohio Supreme Court denied discretionary review. *See State v. Kremer*, 118 N.E.3d 258 (Ohio 2019) (mem.).

Kremer thus turned to federal court. He filed a habeas petition under 28 U.S.C. § 2254 reiterating his argument that Ohio's drug laws did not cover 25C-NBOMe and Fluoro-AMB at the relevant times. Based on this reading of state law, Kremer alleged three federal due-process claims. He first alleged that the prosecution failed to establish a necessary element of the relevant crimes under *Fiore v. White*, 531 U.S. 225 (2001) (per curiam), and *Jackson v. Virginia*, 443 U.S. 307 (1979). He next alleged that the state appellate court's reading of Ohio's drug laws "was so unforeseeable as to deprive" him of due process under *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964). He lastly alleged that those laws were void for vagueness if they covered 25C-NBOMe and Fluoro-AMB. Apart from these claims, Kremer asked the district court to certify to the Ohio Supreme Court the question whether Ohio's drug laws covered 25C-NBOMe and Fluoro-AMB.

A magistrate judge recommended that the district court deny the petition. *See Kremer v. Erdos*, 2020 WL 6044077, at *7 (S.D. Ohio Oct. 13, 2020). The magistrate judge reasoned that Kremer had waived his claim that the prosecution failed to establish an element of the crimes by pleading guilty to them. *See id.* at *5. The magistrate judge next found that Kremer had

procedurally defaulted his unforeseeable-interpretation and void-for-vagueness claims by failing to raise them in state court. *Id.* at *6. The judge lastly denied Kremer's request to certify the state-law question, reasoning that the Ohio Supreme Court "had the opportunity" to consider Kremer's state-law argument on direct appeal and declined to do so. *Id.* at *7.

Kremer objected to this recommendation, and the district court twice "recommitted the case" to the magistrate judge. *See Kremer v. Erdos* 2021 WL 764118, at *1 (S.D. Ohio Feb. 26, 2021); *Kremer v. Erdos*, 2020 WL 7711628, at *1 (S.D. Ohio Dec. 29, 2020). Each time, the magistrate judge continued to recommend that the district court conclude that Kremer's decision to plead guilty had waived his argument that the prosecution failed to establish an element of his crimes. *See Kremer*, 2021 WL 764118, at *2–3; *Kremer*, 2020 WL 7711628, at *3–4.

A year after the magistrate judge's third recommendation, the district court issued a short opinion agreeing with the judge. *See Kremer v. Erdos*, 2022 WL 1227282, at *2 (S.D. Ohio Apr. 26, 2022). Yet the court issued a certificate of appealability over whether it had properly found that Kremer's guilty plea waived his claim that the prosecution had not established a necessary element of his crimes. *Id.* at *2–3.

II

Kremer makes two arguments on appeal. He asserts that his guilty plea did not waive what he calls his "non-offense claim"—that is, his claim that he pleaded guilty to facts that do not violate Ohio law. Appellant's Br. 3–4. And because the "merits" of this non-offense claim turn on state law, he next argues, we should certify the issue to the Ohio Supreme Court. *Id.* at 5–6.

We find the "waiver" issue difficult for two reasons—one about the nature of Kremer's claim and the other about the nature of the warden's defense. Reason One: What type of federal constitutional claim covers Kremer's argument that he pleaded guilty to facts that do not amount

5

to an Ohio crime? Relying on the Supreme Court's decision in *Fiore*, Kremer argues that his convictions violated due process because the State presented constitutionally insufficient evidence to convict him under the proper view of state law. But *Fiore* applied *Jackson*'s well-known rule that the prosecution must present sufficient evidence *at trial*. *Jackson*, 443 U.S. at 319; *see Fiore*, 531 U.S. at 229. Kremer cites no case that has applied this rule to *guilty pleas*. And the Supreme Court's precedent in the guilty-plea context might suggest that Kremer should have challenged his plea on the ground that he did not knowingly and voluntarily enter it. *See Bousley v. United States*, 523 U.S. 614, 618 (1998). When neither a defendant, "nor his counsel, nor the court correctly understood the essential elements of the crime" at the plea hearing, the Court in *Bousley* reasoned, the defendant did not enter a knowing and voluntary guilty plea. *Id.* at 618–19.

Reason Two: What type of "waiver" defense does the warden ask us to enforce by arguing that Kremer waived his claim when he chose to plead guilty? Does the warden invoke a *state-specific* procedural-default rule that requires us to consider the effect of a guilty plea under the relevant State's procedural law? Here, the Ohio appellate court found that Kremer's guilty plea waived this claim as one ground to reject it. *See Kremer*, 2018 WL 3996868, at *2. Must we then ask whether the state court relied on an "adequate and independent" procedural ground? *Cf. Johnson v. Lee*, 578 U.S. 605, 606 (2016) (per curiam). And must we ask whether the state-specific waiver rule violated any federal constitutional guarantee? *Cf. Menna v. New York*, 423 U.S. 61, 62–63 (1975) (per curiam). Or does the warden seek to enforce a *federal equitable rule* that applies in federal habeas proceedings no matter a particular State's procedural rules governing guilty pleas? The Supreme Court has at times suggested this latter view by interchangeably relying on decisions involving federal and state guilty pleas when discussing the waiver rule. *See Class v. United States*, 138 S. Ct. 798, 803–05 (2018); *Tollett v. Henderson*, 411 U.S. 258, 262–67 (1973).

6

Given these difficulties, we opt not to decide any waiver issue in this case. We will instead proceed to the merits because they have a more straightforward answer. At the outset of the merits, we will simply assume that Kremer's guilty plea would violate federal due process if the conduct to which he pleaded guilty did not make out a crime under Ohio law. Kremer argues that this constitutional rule applies here because the counts charging him with distributing or possessing 25C-NBOMe and Fluoro-AMB did not allege a violation of Ohio's drug laws.

But this federal due-process claim fails on state-law grounds. To be sure, a federal court sitting in habeas is not bound by a state court's interpretation of *federal law*, including the court's conclusion that a state conviction comported with a relevant federal constitutional guarantee. *See, e.g.*, *Brown v. Davenport*, 596 U.S. 118, 130 (2022); *Brown v. Allen*, 344 U.S. 443, 458–59 (1953). And a state court's interpretation of state law also may raise federal due-process concerns. *See, e.g.*, *Bouie*, 378 U.S. at 354. But a federal habeas court must accept a state court's resolution of *state-law* questions, including questions about the meaning of a state criminal law. *See Bradshaw*, 546 U.S. at 76; *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Smith v. Sowders*, 848 F.2d 735, 739 (6th Cir. 1988). And the Ohio appellate court in this case rejected Kremer's reading of Ohio's drug laws. It held that "25C-NBOMe and Fluoro-AMB were both Schedule I controlled substances at the time of his arrest." *Kremer*, 2018 WL 3996868, at *2. This reading means that Kremer pleaded guilty to conduct that violated Ohio's drug laws. We cannot second guess the state's reading of its own laws, and Kremer did not preserve any distinct federal claim that the state court's reading raised due-process concerns. His convictions thus did not violate due process.

Kremer does not disagree that his federal due-process claim would fail under the Ohio appellate court's reading of state law. He instead argues that only the Ohio Supreme Court—not an intermediate court—can definitively answer this state-law question. He thus asks us to certify

7

the question to the Ohio Supreme Court in the hope that it will read state law differently from the intermediate court. Although we, like the district court, have discretion to certify a question to a state supreme court, we decline to exercise that discretion here. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009); *see also Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). For one thing, the state appellate court in Kremer's case already decided the precise legal issue that he seeks to (re)litigate in state court. For another, "available evidence does not suggest that the Ohio Supreme Court is likely to disagree" with that court's decision—or at least not likely to find the question worthy of its time. *Rutherford*, 575 F.3d at 619. After all, that court could have reviewed this issue on direct appeal. But it declined. Kremer identifies no new facts that suggest the court would now accept jurisdiction over the issue.

We affirm the denial of Kremer's habeas petition and deny his motion to certify.