**Larry R. GODFREY, Petitioner–Appellant,**

v.

**Robert E. BEIGHTLER, Warden, Respondent–Appellee.**

No.  02–3499.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before GUY and BOGGS, Circuit Judges;  and EDMUNDS, District Judge.*

## *ORDER*

Larry R. Godfrey, an Ohio state prisoner, moves for the appointment of counsel and appeals a district court order dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

Godfrey entered a guilty plea in 1997 to eight counts of gross sexual imposition and two counts of attempted felonious sexual

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

penetration. In his direct appeal, he did not challenge his conviction, but only his adjudication as a sexual predator. The Ohio Court of Appeals rejected his appeal on August 28, 1998. Godfrey did not appeal from that decision, which then became final forty-five days later. In November 1998, Godfrey moved to reopen the direct appeal to argue ineffective assistance of appellate counsel in the previous proceeding. In September 1999, the Ohio Court of Appeals rejected that argument, and Godfrey again did not appeal. However, he filed in July 1999 a motion to withdraw his plea, or in the alternative to vacate his sentence, raising for the first time some of the issues he presents in this habeas corpus action. The trial court dismissed the motion in August 1999, finding that it lacked jurisdiction to consider a motion to withdraw the plea because the reopened appeal was still pending, and that a motion to vacate sentence would be untimely. The Ohio Court of Appeals affirmed this decision, and the Ohio Supreme Court dismissed the appeal in July 2000.

In April 2001, Godfrey filed this action for federal habeas corpus relief, raising claims of involuntary plea, coerced confession, unconstitutional search, failure to disclose evidence, double jeopardy violations, speedy trial violations, prosecutorial misconduct, ineffective assistance of counsel, unconstitutional sentence, insufficient evidence, denial of the right to appeal, and ineffective assistance of counsel on appeal. A magistrate judge recommended that the petition be dismissed as barred by the one-year statute of limitations, 28 U.S.C. § 2244(d), concluding that even if the motion to reopen the direct appeal tolled the running of the statute, the motion to vacate sentence did not because it was untimely. The district court adopted this recommendation, over Godfrey's objections, and dismissed the petition. On appeal, Godfrey argues that his petition was not time-barred or alternatively that equitable tolling should apply. He also argues that he should have received an evidentiary hearing in the district court.

■ Because Godfrey's conviction became final in October 1998 and this petition was not filed until April 2001, the petition would be barred by the one-year statute of limitations unless both Godfrey's motion to reopen his direct appeal and his motion to vacate sentence tolled the statutory period, or equitable tolling were applied. A motion to reopen a direct appeal in Ohio tolls the running of the statute of limitations, *Bronaugh v. Ohio*, 235 F.3d 280, 285–86 (6th Cir.2000), but only if the motion to reopen raised issues presented in the federal habeas corpus petition. *See Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir.1999). The district court did not reach this issue, but it is clear from the record that Godfrey's motion to reopen his direct appeal only concerned ineffective assistance of appellate counsel in challenging his adjudication as a sexual predator. His brief in the state court stated that the issue was not the reversal of the conviction, but his adjudication as a sexual predator, which required registration and notification after release. This federal habeas corpus petition raises no issue regarding Godfrey's adjudication as a sexual predator. The claims of ineffective assistance of appellate counsel presented in this petition concern the failure to attack the conviction on direct appeal. Therefore, the motion to reopen the direct appeal did not toll the running of the statute of limitations for this petition.

■ The district court correctly concluded that Godfrey's motion to withdraw plea or to vacate sentence also did not toll the running of the statute of limitations, because the motion was not properly filed

under Ohio law. The Ohio courts concluded that no motion to withdraw plea could be entertained while the reopened appeal was pending. Although Godfrey disputes this conclusion, he has cited no authority to the contrary. The federal courts defer to the state courts' interpretation of state filing requirements. *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1985, 152 L.Ed.2d 1041 (2002). The state courts also concluded that the motion to vacate sentence was untimely under Ohio Rev.Code § 2953.21(A), which requires that a motion to vacate be filed within 180 days of the filing of the transcript in the appeals court. Godfrey argues that this section does not apply to offenses committed before its enactment. However, the statute contained a grace period for convictions before its enactment, indicating that subsequent convictions would be governed by the 180–day rule. Godfrey also argues that his motion to vacate was timely under this rule, because the complete transcript was not filed until the direct appeal was reopened. The state courts rejected this argument, finding that the pertinent date was the date on which the transcript was filed in connection with the direct appeal. Therefore, the motion to vacate was untimely, and did not toll the statutory period for filing this petition. *Israfil,* 276 F.3d at 771.

Finally, we conclude that equitable tolling should not be applied in this case. Although Godfrey claims that he was unaware of the statutory filing requirement, he was not diligent in pursuing his rights, as he raised none of these issues until almost two years after his conviction, and he has not shown that the respondent would not be prejudiced in responding to his dilatory claims. *See Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). It is also clear that no evidentiary hearing was required in this case, as all of the pertinent dates and issues are contained in the record.

Accordingly, all pending motions are denied and the district court order dismissing this petition as barred by the statute of limitations is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.