*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0338P (6th Cir.)
File Name: 03a0338p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MARK VROMAN,
    *Petitioner-Appellant,*

*v.*

ANTHONY BRIGANO, Warden,
    *Respondent-Appellee.*

No. 02-3258

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-01277—Algenon L. Marbley, District Judge.

Argued: August 1, 2003

Decided and Filed: September 22, 2003

Before: KENNEDY, GILMAN, and GIBBONS, Circuit
Judges.

---

## COUNSEL

**ARGUED:** William R. Gallagher, ARENSTEIN &
GALLAGHER, Cincinnati, Ohio, for Appellant. Stephanie
L. Watson, OFFICE OF THE ATTORNEY GENERAL,
CORRECTIONS LITIGATION SECTION, Columbus, Ohio,
for Appellee. **ON BRIEF:** William R. Gallagher,
ARENSTEIN & GALLAGHER, Cincinnati, Ohio, for

Appellant. Stephanie L. Watson, OFFICE OF THE
ATTORNEY GENERAL, CORRECTIONS LITIGATION
SECTION, Columbus, Ohio, for Appellee.

---

## OPINION

---

JULIA SMITH GIBBONS, Circuit Judge. Petitioner-
appellant Mark Vroman was convicted on one count of
murder with a firearm specification in Ohio state court.
Vroman appeals the district court's dismissal of his petition
for a writ of habeas corpus as time-barred under the
applicable one-year statute of limitations set forth in the
Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA), 28 U.S.C. § 2244(d). For the following reasons,
we affirm the judgment of the district court.

### I.

On July 28, 1995, an Ohio jury convicted Vroman of
murder with a firearm specification. He was sentenced to a
term of fifteen years to life in prison for the murder
conviction and a term of three years for the use of the firearm
to be served consecutively with and prior to the murder
sentence. Vroman appealed his conviction to the Ohio Court
of Appeals, and on June 24, 1996, the court affirmed the
judgment of the trial court. On December 18, 1996, the Ohio
Supreme Court denied Vroman's request for leave to appeal
and dismissed the appeal as not involving any substantial
constitutional question.

On August 11, 1997, Vroman filed a delayed application
for reopening his appeal pursuant to Ohio Appellate Rule
26(B), and the application was denied as untimely. Vroman
then filed a *pro se* appeal of the Ohio Court of Appeals's
decision with the Ohio Supreme Court on October 31, 1997.
The Ohio Supreme Court dismissed Vroman's appeal.

Prior to the above proceedings, on or about September 24, 1996, Vroman filed a delayed petition to vacate or set aside his sentence. The trial court denied this post-conviction action as untimely on November 15, 1996. Vroman appealed and on April 15, 1997, the Ohio Court of Appeals affirmed the trial court's judgment. On September 2, 1997, the Ohio Supreme Court dismissed Vroman's subsequent appeal. Finally, on November 12, 1997, Vroman filed a motion for relief from judgment requesting that the trial court vacate its November 15, 1996, decision dismissing his post-conviction action as untimely filed. On December 31, 1997, the trial court denied Vroman's motion. On December 10, 1998, the Ohio Court of Appeals affirmed the judgment of the trial court. The Ohio Supreme Court declined to hear the case and dismissed Vroman's appeal on April 21, 1999.

On November 23, 1999, Vroman, acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio. In his habeas petition, Vroman alleged sixteen grounds for relief. The Warden, Anthony Brigano, moved to dismiss the petition for failing to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). On March 19, 2001, the district court denied the Warden's motion to dismiss, concluding that Vroman's untimely Ohio post-conviction petition tolled the running of the statute of limitations under § 2244(d)(2). The Warden moved for reconsideration and the district court denied the motion. Thereafter, the Warden filed a Return of Writ, and on December 17, 2001, the district court dismissed the petition as time-barred due to the Sixth Circuit's decision in *Raglin v. Randle*, No. 00-3322, 2001 WL 523530 (6th Cir. May 8, 2001). Vroman moved for reconsideration, and on January 30, 2002, the district court denied his motion.

On February 26, 2002, Vroman filed a notice of appeal and an application for a certificate of appealability. The district court granted a certificate of appealability on the issues of whether the statute of limitations expired prior to filing the

instant petition and whether Vroman is entitled to an evidentiary hearing to present evidence that his post-conviction action was timely filed in state court.

## II.

The dismissal of a habeas petition by the district court as barred by 28 U.S.C. § 2244's statute of limitations is reviewed *de novo*. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.), *cert. denied*, 123 S.Ct. 699 (2002). Where the facts of the case are undisputed or the district court rules as a matter of law that equitable tolling is unavailable, this court reviews the decision *de novo*. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).

Under AEDPA, a prisoner has one year from the completion of the direct review of his case to commence a collateral attack on his conviction. 28 U.S.C. § 2244(d)(1). This one year limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Vroman's conviction became final on March 18, 1997, ninety days after the Ohio Supreme Court dismissed his direct

appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Therefore, in the absence of any tolling, Vroman had until March 18, 1998, to file his habeas petition.

The AEDPA limitations period may be tolled for that period of time "during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

On August 11, 1997, during the relevant one-year period, Vroman filed a delayed Ohio Appellate Rule 26(B) action and a post-conviction petition. The petition was ultimately dismissed by the Ohio Supreme Court on January 21, 1998. Because Vroman filed the Rule 26(B) action 146 days after his conviction became final, Vroman had 219 days remaining of his AEDPA one-year statute of limitations as of January 21, 1998. Therefore, Vroman must also receive tolling during the time his post-conviction action remained pending in the state courts to prevent his habeas petition, filed on November 23, 1999, from being time barred.

Effective September 21, 1995, Ohio amended its post-conviction statute to include a time limitation period of 180 days from the date the criminal trial transcript is filed in the appellate court for direct review, subject to several exceptions.[1] Ohio Revised Code § 2953.23(A). Cases in

---

[1]Ohio Revised Code § 2953.23 permits the untimely filing of a petition for post-conviction relief if (1) the petitioner was unavoidably prevented from discovering the factual predicate of his claim, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the

which a sentence was imposed prior to September 21, 1995, were given a one-year grace period, and, therefore, Vroman's deadline for filing any petition seeking post-conviction relief was September 21, 1996. Ohio Revised Code § 2953.21(A)(2). Because that particular date fell on a Saturday, the actual deadline was Monday, September 23, 1996. Ohio Criminal Rule 45(A).

According to the Ohio trial court, Vroman's post-conviction petition was filed on September 24, 1996, one day late. The Ohio trial court concluded that Vroman's petition was not timely filed according to Ohio law. Vroman appealed, arguing that his petition was timely filed because he delivered the petition to prison authorities for mailing on September 19, 1996, within the applicable time limit (the "mailbox rule"). The appellate court rejected Vroman's argument, holding that "[a] filing is timely only if it is filed with the court within the appropriate time limits; the jailer does not represent the court for filing purposes."

Vroman then moved for relief from judgment pursuant to Ohio Civil Rule 60(B), arguing that the clerk of court actually received his petition on September 23, 1996, and, therefore, his petition was timely. In support of his argument, Vroman submitted two letters he wrote to the postmaster of the post office that delivers mail to the Ross County Clerk of Courts. The postmaster made handwritten notes on the letters stating that mail is delivered to the courthouse at 12:30 p.m. on a daily basis, and that mail is never delivered prior to 9:00 a.m. Vroman's petition was stamped received on September 24, 1996, at 9:04 a.m. Therefore, Vroman claimed that his petition was received by the clerk on September 23, but was

---

petitioner shows by clear and convincing evidence that no reasonable fact finder would have found him guilty. Vroman did not argue that his post-conviction petition fell within either of these exceptions in state court and does not argue that either exception applies on appeal to this court.

not stamped until September 24. The Ohio state courts rejected Vroman's argument.

In response to the Warden's argument that Vroman's habeas petition should be dismissed as time-barred, Vroman claimed the state courts had erroneously determined that his post-conviction petition was untimely. The district court deferred to the state courts' determination that the post-conviction petition was untimely, and, therefore, the district court concluded that Vroman's habeas petition was time-barred.

On appeal, Vroman argues that the district court erred in determining that the statute of limitations imposed by § 2244(d) was not tolled by his state post-conviction filing because his post-conviction petition was timely filed with the Ohio trial court. The United States Supreme Court has held that an application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, . . . the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Similarly, this court has held that an application for post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., . . . applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 1985 (2002).

The timeliness of an Ohio prisoner's post-conviction petition is governed by state statute. Ohio Revised Code §§ 2953.21(A)(2) & 2953.23(A). According to the Ohio Supreme Court, a pleading is considered filed on the day it is filed with the court. *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84 (Ohio 1990). The Ohio courts concluded that Vroman's post-conviction petition was not timely filed under Ohio law. "[F]ederal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on

issues of state procedural law." *Israfil*, 276 F.3d at 771; *see also Godfrey v. Beightler*, No. 02-3499, 2002 WL 31805606, at *2 (6th Cir. Dec. 10, 2002) (stating that "federal courts defer to the state court's interpretation of state filing requirements"). In *Israfil*, the Sixth Circuit held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." 276 F.3d at 771 (citations omitted). Therefore, the *Israfil* court concluded that the district court properly deferred to the Ohio state court's finding as to whether the petitioner's post-conviction motion had been submitted according to Ohio's timeliness requirements. *Id.* at 771-72; *see also Raglin*, 2001 WL 523530, at *1 (holding that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations" and therefore concluding that the petitioner's post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law). Here, as in *Israfil*, the district court properly concluded that Ohio's determination of whether Vroman's post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2).

Vroman contends that the Ohio state courts' conclusion that his post-conviction petition was untimely is incorrect and an unreasonable determination based on the facts presented, and argues that this court should apply the federal mailbox rule to his post-conviction filing. This court, however, does not function as an additional state appellate court reviewing state-court decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state. *Duffell v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). In *Houston v. Lack*, 487 U.S. 266, 270 (1988), the United States Supreme Court adopted the mailbox rule in holding that when a prisoner is acting *pro se*, his notice of appeal is considered "filed" under federal law when he turns the petition over to the prison authorities for mailing. The Ohio Supreme Court has

expressly rejected this rule. *Tyler*, 52 Ohio St.3d at 85; *see also State v. Hansbro*, No. 2001-CA-88, 2002 WL 1332297, at *4 (Ohio Ct. App. June 14, 2002) (noting that Ohio courts have "rejected a 'prison mail rule'"). In addition, the majority of federal circuits to consider the issue have declined to extend the mailbox rule to the determination of filing dates for state post-conviction applications. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000); *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000); *Webster v. Moore*, 199 F.3d 1256, 1258-59 (11th Cir. 2000). *But see Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) (noting that the Ninth Circuit holds that the federal "mailbox rule applies with equal force to the filing of state as well as federal petitions"). Accordingly, this court will not reconsider the Ohio state courts' determination that Vroman's post-conviction petition was untimely or apply the federal mailbox rule to the present case.

In the alternative, Vroman argues that the doctrine of equitable tolling should apply to his case. Vroman bears the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The doctrine of equitable tolling is applied sparingly by federal courts. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61 (citations omitted). The United States Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, the Court has "generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* "Absent compelling equitable considerations, a court should not

extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.

This court determines whether to equitably toll AEDPA's statute of limitations using the five-factor test set forth in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). *See Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir. 2001) (applying the five-factor test set forth in *Andrews*). Pursuant to *Andrews*, a court should consider: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008. This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

In the present case, Vroman does not claim that he lacked either actual or constructive notice of the filing requirement. Where the litigant does not claim lack of knowledge or notice of the filing requirement, this court's inquiry is focused on examining his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay. *See Andrews*, 851 F.2d at 151. Vroman contends that he was diligent in pursuing his rights because he claims that his post-conviction petition was actually filed on or before the September 23, 1996, deadline. This argument, however, focuses on Vroman's diligence in pursuing his rights in Ohio state post-conviction proceedings.[2] Vroman fails to address

---

[2] With regard to diligence in filing his state court post-conviction petition, as the district court noted, three months prior to the September 23, 1996, deadline, an Ohio appellate court expressly advised Vroman to present his claim of ineffective assistance of trial counsel in a petition for post conviction relief. The record does not contain any evidence providing an explanation for Vroman's decision to delay three months in presenting this claim to the Ohio state courts. Therefore, the fact that Vroman waited to petition for post conviction relief three months

his lack of diligence in timely filing a petition for habeas relief. While Vroman concentrates his argument on the fact that at most his state filing was one day late, this court must determine whether to equitably toll Vroman's AEDPA statute of limitations for more than one year.

The Ohio trial court informed Vroman on November 15, 1996, that his September 24, 1996, petition was untimely. Therefore, when Vroman's one-year federal habeas statute of limitations began to run on March 17, 1997, Vroman knew that he would not be entitled to toll the time period for his September 24, 1996, petition unless he prevailed on appeal. Vroman's appeal was denied by an Ohio appellate court on April 15, 1997, thereby informing Vroman more than eleven months prior to his habeas filing deadline that the Ohio courts did not consider his September 24, 1996, petition properly filed. Vroman's decision to proceed solely to the Ohio Supreme Court, rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence.[3]

The fourth factor, whether respondent was prejudiced by the delay in filing, is irrelevant here. Absence of prejudice is a factor to be considered only after a factor that might justify

_____

after being advised to do so demonstrates a lack of diligence in pursuing his rights.

[3] In support of his claim that he is entitled to equitable tolling, Vroman relies on this court's unpublished Rule 34(j) order in *White v. Curtis*, No. 01-1493, 2002 WL 1752272 (6th Cir. July 26, 2002). In *White*, this court held that equitable tolling applied to the petitioner's federal habeas petition where the petitioner's direct appeal to the Michigan Supreme Court would have been timely under the federal mailbox rule. *Id.* Apart from the question of whether *White* was correctly decided, application of the *Andrews* factors requires an individualized examination of each petitioner's showing with respect to his diligence and knowledge. White, whose habeas petition was filed eighteen days late, displayed far more diligence than Vroman, who filed his habeas petition over one year after the applicable deadline.

tolling is identified. *Andrews*, 851 F.2d at 151. The final factor is petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Vroman does not argue that he was ignorant of the legal requirement for filing his claim. Accordingly, application of the five-factor test indicates that equitable tolling is not appropriate in this case.

The district court denied Vroman's request for an evidentiary hearing without discussion. This court reviews a district court's decision whether to hold an evidentiary hearing for an abuse of discretion. *See Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). Under AEDPA, evidentiary hearings are not mandatory. Instead, AEDPA contains express limitations on a federal court's discretion to grant an evidentiary hearing. The statute provides:

(e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim, unless the applicant shows that –

(A) the claim relies on:

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e). If the petitioner has not failed to develop the factual basis of a claim in state court, the federal

court may hold a hearing if the petitioner's factual allegations, if proved, would entitle him to relief. *See Byrd v. Collins*, 209 F.3d 486, 550 (6th Cir. 2000) (citing *McMillan v. Barksdale*, 823 F.2d 981, 983-84 (6th Cir. 1987)); *Rector v. Johnson*, 120 F.3d 551, 562-63 (5th Cir. 1997) ("[A] federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, *if resolved in the petitioner's favor*, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.").

AEDPA addresses state prisoners' federal constitutional claims. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Therefore, any reference to a "claim" in AEDPA is to a federal constitutional claim. AEDPA thus permits evidentiary hearings regarding federal constitutional claims under limited circumstances as set forth in the statute. While Vroman's habeas petition sets forth federal constitutional claims, he seeks an evidentiary hearing on a state procedural law issue. Specifically, he requests that the district court allow him to submit evidence to conclusively prove the state court ruling that his post-conviction petition was untimely was unreasonable in light of the facts presented to it. Vroman does not request an evidentiary hearing to allow him to present evidence regarding a federal constitutional claim. Instead, Vroman seeks to revisit the Ohio state courts' determination that he failed to comply with Ohio law regarding time limits for filing a post-conviction petition. As previously discussed, state courts are the final authority on state law and federal courts must accept a state court's interpretation of its rules of practice. *Israfil*, 276 F.3d at 771. Accordingly, the district court did not abuse its discretion in denying Vroman's request for an evidentiary hearing.

## III.

For all of the foregoing reasons, we affirm the district court's dismissal of the petition.