David **HERBERT**, Petitioner,

v.

Curtis **JONES**, Respondent.

No. 04–40145.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 4, 2005.

David Herbert, Carson City, MI, pro se.

Laura G. Moody, Michigan Department of Attorney General Habeas Corpus Division, Lansing, MI, for Respondent.

### *OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS*

GADOLA, District Judge.

Petitioner David Herbert, who is currently incarcerated at the Boyer Road

Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the Court is Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus. For the reasons set forth below, the Court will grant the motion and dismiss the petition for a writ of habeas corpus.

## I. BACKGROUND

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted of second-degree criminal sexual conduct. He then pleaded guilty to being a second habitual offender. On September 26, 1991, Petitioner was sentenced to three to twenty-two years of imprisonment. Petitioner filed an appeal of right in the Michigan Court of Appeals. On April 1, 1997, the Michigan Court of Appeals issued an opinion affirming his conviction. *People v. Herbert*, No. 149963, 1997 WL 33353733 (Mich.Ct.App. Apr.1, 1997). Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Herbert*, No. 109538, 1998 WL 92067 (Mich. Feb.27, 1998).

On June 23, 1998, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion for relief from judgment. *People v. Herbert*, No. 91–044799 (Genesee County Circuit Court Nov. 14, 2002). Petitioner then filed in the Michigan Court of Appeals an application for leave to appeal, a motion for new trial, and a motion to remand. The Michigan Court of Appeals dismissed the application for leave to appeal and accompanying motions "for failure to pursue the case in conformity with the rules." *People v. Herbert*, No. 250696 (Mich.Ct. App. Oct. 24, 2003). Petitioner filed an application for leave to appeal the Michigan Court of Appeals' decision in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Herbert*, No. 125088, 2004 WL 1152728 (Mich. Apr.30, 2004).

On May 19, 2004, Petitioner filed the pending petition for a writ of habeas corpus. Respondent has filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus. Petitioner has filed a response to the Motion for Summary Judgment.

## II. ANALYSIS

Respondent's motion argues that the petition for a writ of habeas corpus is barred from review because it is untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

The AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which habeas petitions challenging state court judgments must be filed. In most cases, a prisoner is required to file a federal habeas corpus petition within one year of completing direct review of the claims brought in the habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The time during which a prisoner seeks collateral review of a conviction, however, does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court re-

view of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin,* 348 F.3d 164, 172 (6th Cir.2003) (en banc), *cert. denied sub nom. Caruso v. Abela,* —— U.S. ——, 124 S.Ct. 2388, 158 L.Ed.2d 976 (May 24, 2004).

■■■ In this case, Petitioner's conviction became final on May 28, 1998, when the time for filing a petition for a writ of certiorari in the Supreme Court expired. The limitations period commenced on May 29, 1998, and continued running until June 23, 1998, when Petitioner filed a motion for relief from judgment in the trial court. This properly filed application for state collateral review tolled the limitations period after only twenty-five (25) days had elapsed.

The trial court denied the motion for relief from judgment on November 14, 2002. *People v. Herbert,* No. 91–044799 (Genesee County Circuit Court Nov. 14, 2002). Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for leave to appeal under Michigan Court Rule 7.201(B)(3), "for failure to pursue the case in conformity with the rules." *People v. Herbert,* No. 250696 (Mich.Ct.App. Oct. 24, 2003).

■■■ An application for state collateral relief is "properly filed" such that it serves to toll the one-year limitations period "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). These rules "usually prescribe, for example, the form of the document, the time limits upon its delivery,..., the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted). In this case, Petition-

er's application was dismissed because he failed to conform with Michigan Court Rule 7.201(B)(3), which prescribes the form of the application and the requisite filing fee. Accordingly, Petitioner's application was not properly filed and did not serve to toll the limitations period.

Thus, when the trial court denied Petitioner's motion for relief from judgment on November 14, 2002, he no longer had a properly filed application for state collateral relief pending in state court, and the limitations period, of which 340 days remained, resumed running. The limitations period continued to run until October 17, 2003, when the one-year limitations period expired. The filing of an application for leave to appeal in the Michigan Supreme Court did not subsequently serve to toll the limitations period, because the limitations period already had expired. Thus, the pending petition was not timely filed.

■ Petitioner argues that he is entitled to equitable tolling of the limitations period because he is actually innocent. The Sixth Circuit Court of Appeals has not yet decided whether an actual innocence exception to the statute of limitations exists. *See Allen v. Yukins,* 366 F.3d 396, 404, 406 (6th Cir.2004). Even assuming such an exception exists, Petitioner has failed to demonstrate that he is entitled to equitable tolling of the limitations period.

■ First, an essential component of the doctrine of equitable tolling is a petitioner's diligent pursuit of relief. *Dunlap v. U.S.,* 250 F.3d 1001, 1008 (2001). *See also Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir.2003); *Morgan v. Money,* 2000 WL 178421 (6th Cir. Feb.8, 2000) (holding that a petitioner must show that he exercised due diligence in pursuing § 2254 relief to support equitable tolling). In this case, the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal

"for failure to pursue the case in conformity with the rules," on October 24, 2003. *See People v. Herbert,* No. 250696 (Mich. Ct.App. Oct. 24, 2003). In dismissing the case, the Michigan Court of Appeals noted that Petitioner had been provided with "notice regarding the nature of the defects in this filing, and the defects were not corrected in a timely manner." *Id.* Instead of then proceeding to federal court after the Michigan Court of Appeals dismissed his application for leave to appeal, Petitioner decided to file an application for leave to appeal in the Michigan Supreme Court. Under similar circumstances, the Sixth Circuit Court of Appeals has held that a petitioner's actions demonstrated a lack of diligence, thereby foreclosing the equitable tolling of the one-year limitations period. *Vroman v. Brigano,* 346 F.3d 598 (6th Cir.2003).

In *Vroman,* the petitioner filed a post-conviction petition in the trial court on September 24, 1996. The trial court informed the petitioner on November 15, 1996 that the petition was untimely. The petitioner chose to file applications for leave to appeal the trial court's dismissal of his post-conviction petition to the Ohio Court of Appeals and Ohio Supreme Court instead of immediately pursuing federal habeas relief. Both Ohio appellate courts denied the petitioner's appeal. The petitioner argued that the one-year habeas limitations period should be tolled while he was appealing the trial court's dismissal of his post-conviction petition to the Ohio appellate courts. The Sixth Circuit Court of Appeals held that the petitioner's decision to proceed solely on appeal to the Ohio appellate courts rather than filing a federal habeas petition evidenced a lack of diligence. The Court therefore declined to equitably toll the limitations period during that time period. *Id.* at 605.

Applying the Sixth Circuit's reasoning in *Vroman* to this case, the Court finds that Petitioner failed to exercise diligence in filing a federal habeas petition. Petitioner failed to correct the filing defect in the Michigan Court of Appeals after having received notice of the defect. Additionally, after his application was dismissed by the Michigan Court of Appeals, Petitioner waited over six months to file his habeas petition.

Finally, even if Petitioner were considered diligent in his actions, the Court is not persuaded that Petitioner has satisfied the high actual innocence standard. To assert a credible claim of actual innocence, a petitioner must present "new reliable evidence" demonstrating his innocence "that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The petitioner must persuade the district court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851.

Petitioner claims that his actual innocence claim is supported by:

> [M]ore than thirty-three (33+) plus physical, material and positive evidences, five (5) video evidences, clothing evidences, fingerprint evidences, footprint evidences, fourteen (14) on site witnesses, blood evidences, chemical evidences, document evidences, DNA laboratory semen, blood, chemical test result evidences, evidence by video tape of blood evidence tampering, . . .

Plaintiff's Refutation Motion Against Attorney General, p. 1. Despite these sweeping claims of the existence of evidence that will purportedly exonerate him, Petitioner fails to provide any affidavits, copies of laboratory results, fingerprint or footprint-related documents, or any other evidence to support his claims. Petitioner's unsup-

ported, self-serving statements are insufficient to convince the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 115 S.Ct. 851.

Furthermore, these conclusory allegations are insufficient to entitle Petitioner to an evidentiary hearing in this Court. In his motion for evidentiary hearing, Petitioner simply states that he has "thirty-three (33+) plus physical and material evidences and ... five (5) video evidences" to present at the evidentiary hearing. Petitioner has asserted the same vague, conclusory claims regarding purportedly exculpatory evidence since filing his motion for relief from judgment in state court. He has never offered any affidavits or other documentary evidence in support of these vague claims. When requesting an evidentiary hearing, a petitioner must identify the basis for the request and "what can be discovered through an evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir.2001). Petitioner's vague assertions do not meet this standard and the Court will not grant an evidentiary hearing.

Accordingly, the Court concludes that Petitioner did not timely file the habeas petition and that Petitioner is not entitled to equitable tolling of the limitations period.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [docket entry 25] is **GRANTED**, the petition for the writ of habeas corpus [docket entry 1] is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing [docket entry 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for New Trial [docket entry 10], Plaintiff's "Refutation Motion Against Attorney General" [docket entry 26], "Motion to Waive Procedural Default [and] Motion to Hold Federal Decision" [docket entry 7], "Motion to Remand" [docket entry 12] and Motions for Immediate Decision [docket entry 28, 29, 30] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir.2002) (*"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."* (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **ELEVEN (11) DAYS** of service of Petitioner's motion for a COA.