**File Name:  05a0835n.06**
**Filed:  October 11, 2005**
**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 04-5356**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

ERIC L. ANDERSON,                                      )
                                                       )
    Petitioner-Appellant,                              )
                                                       )
v.                                                     )   ON  APPEAL  FROM  THE  UNITED
                                                       )   STATES  DISTRICT  COURT  FOR  THE
HOWARD CARLTON, Warden,                                )   EASTERN DISTRICT OF TENNESSEE
                                                       )
    Respondent-Appellee.                               )

Before:  KENNEDY, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. Eric Lavaughn Anderson, a Tennessee prisoner, appeals the district court's dismissal of his habeas corpus petition as time-barred.  We affirm the dismissal.

I.  Background and Procedural History

In 1991, Anderson pleaded guilty to three counts of aggravated rape and received a sentence of fifteen years for each offense.  Two of the sentences were to run concurrently, resulting in an effective sentence of thirty years, with the *possibility* of parole after nine.  Anderson contends the state and his lawyer induced him to plead guilty by *promising* parole after nine years—in 2000.

Anderson filed a petition for post-conviction relief in the state trial court alleging ineffective assistance of counsel and the involuntariness of his guilty pleas. The trial court denied relief and the Tennessee Court of Criminal Appeals affirmed in July 1996—some five years after his sentencing.

One year later, Anderson met with the parole board. The board informed Anderson his next parole meeting would not be until November 2002—about two years beyond the allegedly promised parole date. Anderson did not object. At the 2002 meeting the board denied Anderson parole and deemed him next eligible in 2010.

Three months later, Anderson filed another state court post-conviction motion to withdraw his guilty pleas again alleging ineffective assistance of counsel, and arguing he would not have entered the pleas had he known that parole would not be granted until at least 2010. The trial court denied relief, and the state appellate court affirmed. In November 2003, Anderson sought habeas relief under 18 U.S.C. § 2254. The district court dismissed the petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). This court granted a certificate of appealability on the AEDPA timeliness issue, the denial of due process or equal protection, and the imposition of cruel and unusual punishment.

## II. AEDPA's Statute of Limitations

### A. Standard of Review

We review the dismissal of a habeas petition as barred by 28 U.S.C. § 2244's statute of limitations de novo. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

### B. Discussion

The statute of limitations period under AEDPA is one year beginning from the latest of four events. Only two of the four subsections matter to our discussion of Anderson's case:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> ***
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Anderson contends his 2003 petition was timely under § 2244(d)(1)(D) because he only discovered the factual predicate for his claim in 2002. The government counters that Anderson discovered the facts underlying his claim as early as 1997, or, at the latest, in 2000. We agree with the government.[1]

---

[1]The district court determined Anderson's petition to be untimely under § 2244(d)(1)(A) rather than subsection § 2244(d)(1)(D), on which Anderson premises his argument. Because AEDPA directs courts to initiate the running of the statute from the latest of the four statutorily-specified circumstances, and because Anderson's petition is time-barred under either section, we assume for purposes of this opinion that Anderson's AEDPA limitations period began to run from the factual-predicate-discovery date.

To successfully challenge the voluntariness of his guilty pleas based on an ineffective assistance of counsel claim Anderson must show he received "*gross* misadvice concerning parole eligibility." *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (emphasis added). But, "a defendant is only entitled to habeas relief for a violation of that right if he . . . establishes [gross misadvice] as well as resultant prejudice." *Meyers v. Gillis*, 142 F.3d 664, 666 (3d Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In the context of an allegedly involuntary guilty plea, prejudice can be demonstrated by showing that "but for counsel's errors, [the petitioner] would not have pleaded guilty." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In light of Anderson's actual sentence–30 years' imprisonment with the possibility of parole after nine–the alleged assurance that Anderson would be released after nine years doubtless constitutes "gross misadvice." Thus, the critical date for factual-predicate-discovery purposes is when Anderson discovered the resultant prejudice.

Anderson argues he could not have discovered that he was prejudiced by his counsel's misrepresentation in 1997 or 2000, because during those years Anderson still thought the 2002 date set for his next parole hearing meant he *would be paroled then*. He contends he would have been just as likely to plead guilty had he been promised parole after eleven years as he was after allegedly being promised parole after nine. And thus, the argument goes, as of 1997, Anderson did not think the two-year difference significant enough to support the "gross" aspect of the "gross misadvice" standard.

Anderson contends he did not discover the resultant prejudice of his lawyer's misrepresentations until 2002, when the board told him he would not be paroled until at least 2010. It was only then, Anderson argues, that he had reason to recognize that his lawyer had induced him to plead guilty by grossly misrepresenting the facts about his parole. We cannot agree.

Anderson is wrong to suggest that after the 1997 meeting he *knew* that he would be paroled in 2002, and thus, that his counsel had only misrepresented his sentence by two years. In fact, Anderson also learned in 1997, through that first experience with the parole board, that the decision to grant parole in 2002 would be discretionary—meaning the actual period of his incarceration *might* be eleven years, but it also might be significantly longer. If the board could delay Anderson's parole once, there was no reason for Anderson to believe it could not happen again.

Accordingly, when Anderson discovered that he would not be released after nine years *and* that the board had the discretion to grant or deny parole, Anderson had actual knowledge of any resultant prejudice stemming from his counsel's misrepresentations.

Whether Anderson discovered the prejudice at the 1997 meeting, or when the board denied him parole in 2000, he had actual knowledge of the facts underlying his potential claim well before 2002. We need not decide which theory is correct because under either calculation Anderson's 2003 petition is time-barred.

Anderson's counsel draws our attention to this court's recent decision in *DiCenzi v. Rose*, 419 F.3d 493 (6th Cir. 2005), which reached an opposite result on similar facts. DiCenzi disputed when, in exercising due diligence, he could have discovered the factual predicate for his claim. *Id.* at 498. We distinguish Anderson's situation on the basis of his actual knowledge of the factual predicate for his claim when he was not paroled in 2000, and when the parole board told him he would not be paroled until at least 2002.

For these reasons, Anderson's 2003 habeas petition is time-barred.

### III. Equitable Tolling

Alternatively, Anderson argues that should this court conclude he discovered the factual predicate prior to 2002, equitable tolling nonetheless saves his petition.

We consider the following factors in determining whether equitable tolling is appropriate: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) *diligence in pursuing one's rights*; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (emphasis added) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Here, Anderson concedes he had notice of the filing requirement, thus, our "inquiry is focused on examining [Anderson's] diligence in pursing his rights." *Vroman v. Brigano*, 346 F.3d

598, 605 (6th Cir. 2003). Anderson knew he had a potential claim as early as 1997, and he learned additional information in 2000 alerting him to file for relief. Given our rejection here of Anderson's theory for setting the factual-predicate-discovery date in 2002, we cannot credit him with "diligence in pursuing [his] rights" so as to entitle him to equitable tolling.[2]

## IV. Conclusion.

For these reasons, we affirm the district court's dismissal of the petition as time-barred.

---

[2]It is unnecessary to address Anderson's additional request for statutory or equitable tolling during the period his state post-conviction proceedings pended (January to September 2003). We conclude the statute of limitations expired, at the latest, in 2001. Thus, whether or not tolling applied during 2003, Anderson's petition is untimely.