File Name: 07a0724n.06
Filed: October 10, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-6910

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

CHARLES R. ALLEN,

      Petitioner-Appellant,

v.

RICKY BELL,

      Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

_____/

Before: BOGGS, Chief Judge; MARTIN and SUTTON, Circuit Judges

      BOYCE F. MARTIN, JR., Circuit Judge. The district court dismissed Charles Allen's

petition for a writ of habeas corpus as untimely, having been submitted after the one-year limitations

period imposed by the Antiterrorism and Effective Death Penalty Act. On appeal to this court, Allen

concedes that he submitted the petition late, but contends that he is entitled to equitable tolling.

Because Allen failed to present compelling reasons for granting equitable tolling, we AFFIRM the

decision of the district court.

I.

      On the morning of April 15, 1998, Allen shot two unarmed men in a crowded restaurant,

killing one of them. A jury convicted him of first-degree premeditated murder and criminal attempt

to commit voluntary manslaughter, and sentenced him to life with the possibility of parole plus four years. The Court of Criminal Appeals of Tennessee affirmed the judgment of the trial court (*State v. Allen*, 2000 Tenn. Crim. App. LEXIS 878), and the Tennessee Supreme Court denied permission to appeal. Allen then petitioned for a writ of habeas corpus to the district court, which dismissed the application as untimely. Allen now appeals.

The Antiterrorism and Effective Death Penalty Act, codified principally in 28 U.S.C. §2244(d), states that a one-year period of limitation shall apply to an application for a writ of habeas corpus from the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). The Tennessee Supreme Court denied permission to appeal on April 19, 2001; Allen had 90 days to petition for certiorari from the judgment of the state court (SUP. CT. R. 13(1)) and did not do so. The one-year statute of limitations thus began to run on July 8, 2001, ninety days after the Tennessee Supreme Court's ruling.

Two hundred and sixty-seven days passed before Allen filed his state petition for post-conviction relief on April 1, 2002, ninety-eight days before the deadline. Pursuant to § 2244(d)(2) of the Antiterrorism and Effective Death Penalty Act, the limitations period was tolled during the state habeas proceedings, when the state trial court rejected Allen's petition, the state appellate court affirmed that judgment, and the Tennessee Supreme Court denied Allen's application for permission

to appeal. This denial came on September 7, 2004 (*Allen v. State*, 2004 Tenn. LEXIS 749 (Tenn. 2004)), and the clock began to run again.[1]

Allen ultimately signed his federal petition for a writ of habeas corpus on August 23, 2005, At least five months after the expiration of the one-year limitations period. Therefore, the district court correctly determined that the petition was untimely.

## II.

Because we have held that the Act's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if a court decides that equitable tolling is appropriate. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In a case like the present one, where the facts are undisputed and the district court decides as a matter of law that equitable tolling does not apply, we review the district court's decision *de novo*. *Dunlap*, 250 F.3d at 1007-08 n.2.

---

[1] The Supreme Court's recent decision in *Lawrence v. Florida* (127 S. Ct. 1079, 1084 (2007)) held that the ninety-day period for seeking certiorari to the Supreme Court following state post-conviction review is included in the one-year limitations period, overruling this court's decision in *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003).

A court must consider the following factors in deciding whether equitable tolling should apply: (1) petitioner's lack of notice or constructive knowledge of the filing requirement; (2) diligence in pursuing one's rights; (3) absence of prejudice to the respondent; and (4) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008. "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). This court has also emphasized that "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Id.*

(1)     *Knowledge, constructive knowledge, and reasonable ignorance of deadline*

Allen claims that he believed that the statute of limitations did not start to run until, or restarted after, the conclusion of his state post-conviction proceedings. If this were true, Allen's petition would be timely, since the state habeas proceedings terminated in September 2004 and he filed his petition in August 2005. He claims that he did not have counsel to correct his misunderstanding of the law, that he is a man with little formal education, and that he likely has a low IQ because he has tried and failed to earn his GED multiple times.

In *Yukins*, this court held that the text of §2244 itself provided a petitioner with notice that the limitations period begins to run at the conclusion of direct review and does not restart based on the intervening commencement of state habeas proceedings. *Yukins*, 366 F.3d at 402. It reasoned that the Act "plainly states that the one-year statute of limitations runs from the 'conclusion of direct

review' and that the statutory period is tolled during the time when a motion for state postconviction review is pending." *Id.*

Because of this court's decision in *Yukins* and the Act's clear provisions regarding the statute of limitations, Allen cannot claim a lack of constructive knowledge regarding the filing deadline. Even if Allen lacked actual knowledge of the relevant provisions of the Act, this court has repeatedly held that "ignorance of the law is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Allen argues that his low IQ entitles him to equitable tolling. Perhaps if Allen had made any factual showing of mental incapacity (other than failed attempts to earn his GED), his argument could be legally credited. *See Lawrence v. Florida* 127 S. Ct. 1079, 1086 (2007). He presents no facts, however, to support this assertion.

(2)     *Diligence in pursuing rights*

This court has found that where an external circumstance prevented an applicant from filing on time, he may be entitled to equitable tolling if he can establish his diligence in pursuing his rights. *See, e.g.*, *Solomon v. United States*, 467 F.3d 928, 933-43 (2006). Allen, however, does not allege any extraordinary circumstance that would excuse his failure to file, or establish that he has been pursuing his rights diligently. Allen's entire argument is based on his ignorance of the law, which we have held is not a basis for equitable tolling. *Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

(3)     *Absence of prejudice to the state*

Allen argues that equitable tolling is appropriate because the state has not been prejudiced by the delay. This court, however, has held that the "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d at 605.  No such factor has been identified here.


III.

Because Allen's petition was untimely, and because we see no basis for applying equitable tolling, we AFFIRM the decision of the district court.