FILED
United States Court of Appeals
Tenth Circuit

November 10, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN D. BEVAN,

      Petitioner - Appellant,

v.

STATE OF UTAH,

      Respondent - Appellee.

No. 16-4137
(D.C. No. 2:13-CV-00624-TC)
(D. Utah)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant John D. Bevan, a state inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's dismissal of his habeas corpus petition. 28 U.S.C. § 2254. To receive a COA, Mr. Bevan must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Miller–El v. Cockrell, 537 U.S. 322, 337 (2003). Because the district court denied his petition on a procedural ground (time-bar), Mr. Bevan must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We hold that the district court's decision that the petition is time-barred is not reasonably debatable. Therefore, we deny a COA and dismiss

the appeal.

Mr. Bevan entered a guilty plea to first-degree murder, and was sentenced on April 1, 2008. He did not appeal within the thirty-day time limit. Utah. R. App. P. 4(a). In 2010, Mr. Bevan unsuccessfully sought post-conviction relief through the Utah state court system. He filed his federal habeas petition in July 2013, claiming that (1) he did not have the requisite mental state to commit first-degree murder, (2) he has discovered new evidence, (3) his plea was made involuntary and unknowingly, (4) he was involuntarily intoxicated, (5) he was incapable of helping counsel in his own defense, (6) his Miranda rights were violated, and (7) ineffective assistance of counsel. 1 R. 5–21.

The statute provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the one-year period started to run either from "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review," id. § 2244(d)(1)(A), or "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence," id. § 2244(d)(1)(D).

Mr. Bevan was sentenced on April 1, 2008. His judgment became final under § 2244(d)(1)(A) thirty days later on May 1, 2008, when he could no longer appeal. Mr. Bevan claims that he discovered new evidence related to his claims soon after he was sentenced, on April 1, 2008. It is unclear exactly when Mr.

Bevan allegedly discovered the new evidence, but the latest date Mr. Bevan could have filed his habeas petition is likely on or around May 1, 2009.  His habeas petition was filed in July 2013, more than four years too late.

Although pursuing state post-conviction relief tolls the statute of limitations for filing a federal habeas petition, 28 U.S.C. § 2244(d)(2), Mr. Bevan did so in 2010, well after the one-year statute of limitation had already expired.  Tolling, of course, does not restart the clock; it only pauses it.  See Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

Mr. Bevan has not shown any previous effort to file a habeas petition, and has not alleged any extraordinary circumstances that kept him from doing so.  See Holland v. Florida, 560 U.S. 631, 649 (2010).  He therefore does not qualify for equitable tolling.  See id.

Accordingly, we DENY a COA, DENY and DISMISS his appeal.

Appellant's motion to proceed in forma pauperis is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge